IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIG BEN INC., a New York Corporation
and Shumel Einhorn

    Plaintiff,

vs.                                                                                  CASE NO. 1:22-cv-5669

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC.

    Defendant

## NOTICE OF REMOVAL

Per 28 U.S.C. §1441 *et seq* and applicable law, Defendant IOU removes this action from the Supreme Court of Orange County, NY, Index No. EF002970-2022, as follows.

1. Plaintiff Big Ben [Business] is a corporation organized in New York, its principal place of business while Plaintiff Einhorn [Debtor] an individual domiciled in and a citizen of New York as they admit in the Complaint attached as **Exhibit 1** [Complaint ¶¶ 1-2] and in the summons attached as **Exhibit 2.**

2. Defendant is incorporated in Delaware and its principal place of business is located in Georgia as Plaintiffs admit in the Complaint [Complaint ¶¶ 3]. Personal jurisdiction and venue are subject to Defendant's election per the agreements at issue. [Complaint ¶¶ 4-5].

3. Plaintiffs obtained a commercial loan from Defendant [Complaint ¶¶ 6-11].

4. On 2/24/22, Business executed a promissory Note for a gross loan sum of $112,000.00, to Defendant, evidencing the Loan, in exchange for the Loan Funds, confirming the information in the Application, consenting to Georgia law and jurisdiction to enforce the Loan, per a precise copy of the Note attached as **Exhibit A** [Complaint ¶¶ 6-9].

5. On 2/24/22, Debtor executed a Guaranty of the Note, consenting to Georgia law and jurisdiction to enforce the Loan per a precise copy attached as **Exhibit B** [Comp. ¶¶ 7-10].

6. On 5/25/22, Plaintiffs filed suit as to Defendant, Supreme Court of Orange County, Case No EF002970-2022, seeking a declaratory judgment to invalidate the Loan as usurious, estopping payment of its principal, interest, fees and other payments [Comp. ¶¶ 11-22].

7. A basis for removal is diversity per 28 U.S.C. §1332. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Plaintiffs are citizens of New York and Defendant is a citizen of Delaware and Georgia per 28 U.S.C. § 1332(c). [Complaint ¶¶ 1-3] The parties are diverse. *Noriega v. Loews Hotel Holding*, LEXIS 90889 * 13-14, WL 2296095 (S.D. Cal. 2019) [upheld removal by corporation incorporated in Delaware, whose principal place of business was located in New York, as a "corporation is a citizen of the state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c). The principal place of business refers to the location "where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 130 S. Ct. 1181, (2010).

8. Per 28 U.S.C. § 1332, jurisdiction also exists as the sum in controversy exceeds $76,000.00 per the value of the relief sought from plaintiff's perspective. *Hunt v. Washington*, 432 U.S. 333, 347-348 (1977). The amount in controversy may include compensatory damage claims for general or special damages as well as punitive damages and attorney's fees. *Anthony v. Sec. Pac. Fin. Servs., Inc.* 75 F.3d 311, 315. (7th Cir. 1996) 28 U.S.C. § 1332 (b)

9. Per 28 U.S.C. §1446 (a) (3) and (c) Defendant was able to ascertain the amount in controversy as Plaintiffs seek declaratory relief to declare the Loan as usurious and invalid and estopping its enforcement of debt exceeding $80,000.00 [Complaint ¶¶ 11-21].

10. This Notice is timely filed prior to service of process per 28 U.S.C. §1441 *et seq.* ***Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*.,** 526 U.S. 344, 347-348, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) ["a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."….as "service of process, under long-standing tradition in our system of justice, is fundamental to any procedural imposition on a named defendant….In the absence of service of process (or waiver by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." ***Id***. at 350. The "time for removal commences when service is completed and jurisdiction over the defendant has been obtained." ***Ward v. Aetna Life Ins. Co*.,** 98-CV-542, LEXIS 5133, at *2 (W.D.N.Y. 1999), cited by ***Newkirk v. Clinomics Biosciences, Inc***., LEXIS 60107, *6-7 (N.D. N.Y. 2006)

11. Defendant has or will file a Notice of Removal with the New York Supreme Court where the action is stayed, who has filed all documents received in that action.

Respectfully submitted this 1st day of July 2022.

By: */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No.  748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@ioucentral.com
Attorney for Defendant IOU
File No. 208757
*Pro-Hac Vice* Pending

## **CERTIFICATE OF SERVICE**

I certify a precise copy of this document was filed ECF on the below date, sending notice to opposing counsel of record.

Respectfully submitted this 1st day of July 2022.

By: */s/Paul G. Wersant*
Paul G. Wersant