SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------X

BIG BEN INC., a New York : Index No.
Corporation, and SHMUEL EINHORN :
                          Plaintiffs, :
  :
            - against - :
  :
IOU CENTRAL INC., a Deleware Corporation : **CIVIL COMPLAINT**
                   :
  :
               Defendant. :

------------------------------------------X

## COMPLAINT

COMES NOW, Plaintiffs BIG BEN INC., a New York Corporation and SHMUEL EINHORN, through legal counsel, SCOTT LEVENSON, ESQ., LEVENSON LAW GROUP, and brings this action based upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigations of their attorneys.

### PARTIES

1. Plaintiff, Big Ben Inc. ("Big Ben" or "Plaintiff"), is a New York Corporation with addresses at 5 Satmar Dr. Unit 101 Monroe, NY 10950.

2. Plaintiff Shmuel Einhorn ("Einhorn" or "Plaintiff") is an individual with addresses at 3 Kerestier Ct. Monroe, NY 10950.

1

3. Defendant IOU Central Inc. ("IOU" or "Defendant") is a Delaware Corporation with addresses at 600 TownPark Lane, Suite 100 Kennesaw, GA 30144.

## JURISDICTION AND VENUE

4. The Court has personal jurisdiction over Defendant as claims arise out of the business activities of Defendant conducted in the State of New York.

5. Venue is proper because Defendant conducts a significant amount of business in this district and because Defendant has substantial contacts in this District.

## FACTUAL BACKGROUND

6. On or about February 24, 2022, Plaintiff Big Ben signed a promissory note with IOU (the "Agreement").

7. On this same day, Plaintiff Einhorn entered into a guarantor agreement with the Defendant to be used in conjunction with the Agreement (the "Guarantor Agreement").

8. The amount of the loan was $100,000 with 64 weekly payments of $2,206.09 and a final payment of $357.89.

9. The Agreement received is attached as **Exhibit A.**

10. The Guarantor Agreement is attached as **Exhibit B.**

11. Although the Agreement states that the annual interest rate on the loan is 9.25%, The Agreement also specifies that there is a $12,000 origination fee, a loan guarantee fee of $23,000, and an administrative fee of $595. Over the span of 15 short months, Plaintiffs will have paid $141,547.65 for a $100,000 loan. This means that the Agreement has an actual interest rate of 33.76%.

2

12. The Agreement is usurious as it charges an effective interest rate well above the requirements for criminal usury and should be declared completely invalid thereby forfeiting Defendant's right to collect principal or interest.

## COUNT ONE- DECLARATORY JUDGEMENT

13. Plaintiffs incorporate by reference Paragraphs 1 through 12 as if more fully set forth herein.

14. N.Y. Penal Law § 190.40 provides that a loan is criminally usurious when the parties knowingly provided for an interest rate of 25% or more. A corporation may assert criminal usury as an affirmative defense to efforts to collect on a loan provided the interest rate is higher than the amount required to show criminal usury. *Adar Bays LLC v. GeneSYS ID, INC.*, 2021 NY Slip Op 05616 (2021) citing N.Y. Gen. Oblig. Law § 5-521; *see, e.g., Blue Wolf Capital Fund II, L.P. v. Am. Stevedoring, Inc.*, 105 A.D.3d 178, 182, 961 N.Y.S.2d 86 (2013). "Loans proven to violate the criminal usury statute are subject to the same consequence as any other usurious loans: complete invalidity of the loan instrument." *Adar Bays LLC v. GeneSYS ID, INC.*, 2021 NY Slip Op 05616 (2021).

15. The court in *Adar Bays* discussed the history of the usury laws in the courts and legislature explaining that the purpose was to deter lenders who are fully aware of the usury laws, particularly with regard to corporations, from taking advantage of those who are in weaker bargaining position. *Id. citing Schneider v Phelps*, 41 NY2d 238, 243 (1977).

16. The *Adar* decision stated, "Without doubt, New York's voiding of usurious contracts "can be harsh," perhaps especially in comparison to other states' laws,

3

but the penalty reflects the legislature's consistent condemnation of the "evils of usury." *Adar citing Seidel v 18 E. 17th St. Owners*, 79 NY2d 735, 740-741 (1992). The forfeiture of interest and capital serves a strong deterrent effect - one the legislature has repeatedly affirmed." *Id.*

17. Additionally, Defendant's attempt to hide the actual rate of interest by labeling portions of it as fees must be included when determining the actual rate of interest that Plaintiff is required to pay. This longstanding trend of lenders attempting to hide interest was recognized by courts over one hundred years ago stating, "The shifts and devices of usurers to evade the statutes against usury have taken every shape and form that the wit of man could devise, but none have been allowed to prevail. Courts have been astute in getting at the true intent of the parties, and giving effect to the statute." *Quackenbos v. Sayer*, 62 N.Y. 344, 346 (1875).

18. Courts have recognized that "The guiding principle therefore is that "the transaction must be judged by its real character, rather than by the form and color which the parties have seen fit to give it." *Kredietbank v. ESIC Capital Corp. (In Re Rosner)* 48 B.R. 538, 548 (1985). *See also De Korwin v. First National Bank of Chicago*, 170 F.Supp. 112, 128 (N.D.Ill.1958), aff'd, 275 F.2d 755 (7th Cir.), cert. denied, 364 U.S. 824, 81 S.Ct. 61, 5 L.Ed.2d 53 (1960).

19. Therefore the fees, including origination, administration and loan guaranty, should be calculated as interest when looking at the Agreement. *See also, Lugli v. Johnston,* 78 A.D.3d 1133, 1133-1135, 912 N.Y.S.2d 108 (2d Dep't 2010).

20. The courts have further discussed that a corporation need not show specific

4

intent to fulfill the requirements to show criminal usury, but rather where, "the interest payable [is] so large that, in view of all the circumstances, an intent to provide for the payment of interest beyond the legal rate will necessarily be imputed to them. *Fiedler v. Darrin*, 50 N.Y. 437 (1872); *Hartley v. Eagle Insurance Co.*, 222 N.Y. 178, 187, 118 N.E. 622, 625.

21. Defendant in this case provided Plaintiffs with a contract that had an actual interest rate of 33.76% but disguised this amount with fees and stated in the Agreement that the interest rate was only 9.25%.

22. Plaintiffs ask that this Court hold that the Agreement is usurious and therefore invalid. Defendants should be estopped from collecting any further amount, including principal, interest, fees, or other forms of payment from Plaintiffs. WHEREFORE, Plaintiff pray for judgment in their favor and respectfully request that this Court enter an order declaring the Agreement usurious and invalid and that Defendants are estopped from collecting any further amount, including principal, interest, fees, or other forms of payment from Plaintiffs.

Dated: May 24, 2022
New York, NY

Respectfully submitted,

*Scott C. Levenson*
Scott Levenson, Esq.
Levenson Law Group
625 W. 51st Street
New York, NY  10019
Tel: 347-352-2470
LevensonLawGroup@gmail.com
Attorneys for Plaintiffs